VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
RYAN BRICKER (State Bar No. 269100)
PAYMANEH PARHAMI (State Bar No. 335604)
209 Kearny St., 3rd Floor
San Francisco, California  94108
Telephone:   (415) 534-0495
Facsimile:   (270) 518-5974
Email:      greg.gilchrist@versolaw.com
            ryan.bricker@versolaw.com
            paymaneh.parhami@versolaw.com

Attorneys for Plaintiffs
PHRESH LLC DBA CHI UNIVERSE AND BOBBI HAMILTON

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PHRESH LLC and BOBBI HAMILTON, an individual<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC., OLIVE ELECT, LLC, and NADEEM AHMED, an individual<br><br>Defendants. | Case No. 22-cv-05578<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; COPYRIGHT INFRINGEMENT; CONTRIBUTORY COPYRIGHT INFRINGEMENT; CONTRIBUTORY TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS; INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE; STATE AND FEDERAL FALSE ADVERTISING; STATUTORY AND COMMON LAW MISAPPROPRIATION OF RIGHT OF PUBLICITY; CIVIL CONSPIRACY<br>(INJUNCTIVE RELIEF SOUGHT)**<br><br>**<u>JURY TRIAL DEMAND</u>** |

# INTRODUCTION

Bobbi Hamilton founded and developed Phresh LLC dba Chi Universe, an innovative Wellness company dedicated to preserving the health and fitness of

1  children and adults, through Yoga Therapy and Game Play, introducing children and
2  families to fun and safe yoga methods by properly aligning the body through game
3  play.  Ms. Hamilton started practicing yoga after she suffered injuries as a member
4  of the University of California, Berkeley Golden Bears diving team.  She later
5  developed programming called *Animal Yoga* designed to get children off the couch.
6  This program aired on PBS Kids television shows across America.  These Animal
7  Yoga Breaks ran for five years on multiple PBS Kids stations and were distributed
8  on Home Videos and DVDs for several years.  Through her television show, success
9  in athletic modeling for top brands, and in-depth yoga study, Ms. Hamilton became
10  a well-known celebrity yoga teacher and continued working to engage children in
11  yoga.

12      Ms. Hamilton formed Phresh LLC ("Chi Universe") to capitalize on ideas she
13  had for a new yoga-based game that children and adults could play together.  Under
14  the brands *Chi* and *Chi Universe*, through www.ChiUniverse.com, Chi Universe
15  marketed its *Chi Mat and Game App* and its *Chi Flow and Phreeze Yoga* card deck.
16  The game includes properly sized yoga mats based on alignment principles and
17  anatomical averages marked with distinctive icons so children and adults can match
18  the mat to their height, allowing them to safely engage in yoga poses.  Inside every
19  Chi Yoga Mat is a double-sided How-To Poster with 200 poses, including 94
20  images demonstrated by Ms. Hamilton.  The mat also includes a "map" that, with
21  the *Chi Flow and Phreeze* card game deck or the free downloadable app, takes
22  participants through a series of poses by matching images and symbol icon
23  combinations to the Chi Mat symbol system, throughout all 10 levels.

24      Examples of the Chi logo and game components look like this:
25  / / /
26  / / /
27  / / /
28

COMPLAINT
CASE NO. 22-cv-05578

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28









fits 3'5" to 4'6"
(approx ages 5-9)

fits 4'6" to 5'11"
(approx ages 10+)





COMPLAINT
CASE NO. 22-cv-05578

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19      The *Chi Universe* yoga program was featured in Michelle Obama's *Let's*
20  *Move! LA* campaign, the United Nations for *HerStory*, Gwyneth
21  Paltrow's *goop* holiday gift guide, American Airlines' inflight magazine *American*
22  *Way*, Equinox Fitness, Four Seasons Resorts, Reader's Digest, Harper's Bazaar, and
23  the Today Show.  In 2020, with children and parents spending a lot of time together
24  during the Covid-19 pandemic, the Chi Universe Yoga game became a hot item.
25      At the precipice of great success (equipped with magnificent endorsements,
26  copyrights, trademarks, and patents for the game and related brands and images),
27  Chi Universe and Ms. Hamilton ran headlong into Defendants' theft of the
28  opportunity for themselves.  In gearing up for Chi Universe's promotion of holiday

sales in September of 2021, Ms. Hamilton discovered that someone already was running Google Ads using Chi Universe's identity, copyrighted images, and trademarked brands, along with images of Ms. Hamilton, directing consumers to Walmart.com.  Ms. Hamilton followed the ad trail and purchased Chi Universe products from Walmart.com – which identified Olive Elect as "seller."  Olive Elect is a company started by a former Walmart employee, with multiple years of negative and troublesome reviews posted on the Better Business Bureau's website.  Walmart never removed Olive Elect's selling privileges on Walmart.com, even after Chi Universe filed multiple claims that Olive Elect was counterfeiting its products and Walmart had acknowledged that Chi Universe's claims were valid.

Olive Elect and a host of other sellers, including Walmart itself, sold counterfeit Chi Universe Yoga Games, globally, incorporating virtually all of Chi Universe's intellectual property assets.  To sell these illegal copies of the game on Walmart.com, Defendants engaged in paid on-line advertising and search optimization strategies that diverted consumer traffic from Chi Universe and its authorized resellers to the counterfeit listings on Walmart.com.  Chi Universe never approved any of these products or any distribution of its products by the Walmart.com sellers, including Walmart and Olive Elect.  Ms. Hamilton likewise never authorized the Defendants to use her name, image, and likeness in the promotion and sale of the counterfeit games.

Unsurprisingly, with little investment in the products or interest in maintaining any perception of the game's value in the marketplace, Olive Elect often undercut Chi Universe's price by approximately 25%, diverting online brand traffic and further eroding Chi Universe's ability to make sales at a profitable price. The counterfeit sales and diversion of consumers to Walmart.com deprived Chi Universe of  important sales at a critical juncture.  Chi Universe's meetings with toy manufacturers and distributors for a potential global licensing deal reflected enthusiasm and lucrative prospects for Chi Universe, but – for many potential

COMPLAINT
CASE NO. 22-cv-05578

1  partners – their further support depended on Chi Universe's ability to show steady

2  and increasing sales.

3          When Ms. Hamilton and Chi Universe confronted Walmart, they were met

4  with delays in removing counterfeit listings (while illegal sales persisted and

5  Walmart either made its own sales or took a percentage of others' counterfeit sales).

6  Even while admitting the challenged listings were counterfeit, Walmart continued to

7  sell counterfeits itself and to permit Olive Elect to sell counterfeits.  Walmart

8  refused to remove the counterfeit listings, screen its platform to prevent the

9  promotion and sale of the counterfeits, or stop doing business with Olive Elect. Two

10 months after Walmart's original agreement that Olive Elect's listing was for a

11 counterfeit game, a consumer was able to purchase a counterfeit mat from Olive

12 Elect.  Walmart.com portrayed itself and Olive Elect as the real "Chi Universe" and

13 the products were shipped through the mail using Chi Universe's name.

14         Already laboring under the losses and the effort required to try to stop the

15 advertising and sales of counterfeits, Chi Universe and Ms. Hamilton suffered

16 additional indignities when Ms. Hamilton tried to obtain control over the way Chi

17 Universe products were listed on Walmart.com.  She applied to become an

18 authorized Walmart seller, and secured such authorization for Chi Universe.  But

19 when Ms. Hamilton tried to upload listings with in-season products and proper

20 sizing, the platform would not accept her listings, and instead populated existing,

21 non-genuine listings with incorrect colors, sizes, and copy.  After Ms. Hamilton's

22 multiple unsuccessful efforts to obtain control from Walmart over the UPC codes

23 that were associated with the listings, Walmart told her the UPC codes belonged to a

24 "1P" global seller (i.e., Walmart), who "owned" the associated content and would

25 not relinquish control because there was substantial "relevant search" associated

26 with the listings.

27         Walmart refused to do anything to put a stop to the rampant theft of Ms.

28 Hamilton's and Chi Universe's intellectual property.  It purported to require Ms.

Hamilton and Chi Universe to identify each individual listing, one by one (an unnecessarily onerous requirement), but even when Ms. Hamilton scrupulously followed these procedures, Walmart would leave listings unaddressed for days while counterfeit sales persisted, and claimed to investigate the same sellers again and again (often "closing" IP claims without resolution). The Q4 holiday season is the most lucrative time of year, including for Chi Universe, and many gift guides had listed Chi Universe's products as a top-rated gift, and they had received glowing press reviews as a fun product that kids and parents love. Over several months, Defendants' tactics robbed Plaintiffs of the great promise that the products and endorsements had shown.

Walmart always maintained power, control, and the ability to stop the counterfeit sales. Without Walmart's participation in and facilitation of the scheme, the harm to Plaintiffs would have been substantially reduced. But only after the holiday season and after Chi Universe had spent thousands of dollars and months trying to stop the incessant counterfeiting of its game and advertisements did Chi Universe's lawyer finally gain some traction with Walmart, when Walmart became aware of the likelihood of litigation.

This lawsuit is necessary to ensure that Chi Universe and Ms. Hamilton are adequately compensated for the enormous harm that Defendants have caused with their wrongdoing. It also is necessary to ensure that the counterfeiting, false advertising, diversion of internet traffic and other misappropriations and unfair competition are permanently stopped. Plaintiffs seek an injunction, damages, statutory damages, punitive damages, and their fees and costs, all of which are fully warranted and required for a just outcome.

Chi Universe and Ms. Hamilton allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Bobbi Hamilton is an individual conducting business from Santa Monica, California. She is the founder and majority owner of Phresh LLC

("Phresh" or "Chi Universe"). Phresh is a California limited liability corporation headquartered in Santa Monica, CA. Ms. Hamilton conceived the *Chi Yoga Mat and Game App* and *Chi Flow and Phreeze Yoga Game* (collectively *"Yoga Game"*). Phresh owns the related intellectual property associated with the game and mat, and produces, promotes, sells and distributes the game. Phresh's board consists of a former Hasbro CEO, a digital media expert, and various health professionals.

2.      Plaintiffs are informed and believe that Olive Elect, LLC is an Arkansas limited liability corporation located at 574 N 24th St, Suite 10D, Rogers, AR 72756. Olive Elect sells miscellaneous products on Walmart.com and other platforms. Olive Elect was formed by Defendant Nadeem Ahmed. Plaintiffs believe that Olive Elect is closely held and that Mr. Ahmed makes all material decisions for the company and was integral to all of the wrongdoing ascribed to Olive Elect in this Complaint. For this reason, wherever there are references to Olive Elect, the allegations apply equally to Ahmed.

3.      Walmart Inc. is a Delaware corporation headquartered at 702 S.W. 8th St. Bentonville, Arkansas, AK 72716. Walmart operates general retail stores and a marketplace online at www.walmart.com. Walmart boasted of nearly $560 *billion* in sales and over 2 million employees in 2021. Walmart has made a highly public effort to compete with Amazon.com's online sales platform and was in full-fledged pursuit of this initiative during the time the alleged wrongdoing took place.

4.      Chi Universe's federal trademark infringement and contributory infringement claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006. Phresh's copyright infringement and contributory copyright infringement claims arise under the Copyright Act. This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark, copyright and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act). This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental

1   jurisdiction) and, 28 U.S.C. § 1332 (diversity).

2        5.       This Court has personal jurisdiction over Defendants because

3   Defendants offers their services and products to residents of California and this

4   judicial district.  The products that Defendants advertise and offer, and make

5   available to purchasers through Walmart.com, are promoted to and are shipped to

6   consumers in this judicial district.  The contracts with which Defendants are

7   interfering are entered into and partially performed in this judicial district.

8        6.       Venue is proper in this Court under 28 U.S.C. § 1391(b) because

9   Defendants transact business in this district and a substantial part of the events

10  giving rise to the claims asserted arose in this district.

11               **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

12  **Bobbi Hamilton and Chi Universe**

13       7.       Bobbi Hamilton attended the University of California, Berkeley,

14  where she studied American Studies, Art within Technology, and Integrative

15  Medicine.  Bobbi had trained with Olympic coaches and was a top 6 All American

16  out of high school, a top recruit, who became a 10m platform diver.  In college, she

17  competed for the Cal diving team on 1m and 3m springboard.  After suffering back

18  pain, spinal and other sports related injuries, Ms. Hamilton developed a passion for

19  yoga and became proficient, eventually studying with renowned Yogis and Martial

20  Arts masters, and became a certified yoga instructor.

21       8.       After graduating from UC Berkeley, Ms. Hamilton worked as a

22  cancer researcher for the UCSF and Mount Zion medical centers.  She became

23  focused on developing solutions for childhood obesity and family wellness.  Using

24  her understanding of the benefits of yoga and movement, she conceived and

25  produced play-along fitness video for kids and created/produced *Animal Yoga.*  The

26  videos aired on *PBS Kids* as promo spots designed to encourage kids to move and

27  practice yoga in between other programming.  The *Animal Yoga* videos also sold

28  separately as DVDs and were downloadable on Amazon.

COMPLAINT
CASE NO. 22-cv-05578

9.      Ms. Hamilton has been an athletic model for 10 years, featured by many illustrious brands in their ad campaigns, including Canon, Cazal, Quaker Oats, Toyota, Delta Sky Club, Direct TV, Lincoln Financial, adidas – Stella McCartney. She continued developing her expertise in teaching fitness, yoga and meditation in private households, and to executives, celebrities, and after-school programs. Through her prominence in developing yoga programs for children and families, the Animal Yoga show, her athletic modeling career, and yoga teaching, Ms. Hamilton acquired significant notoriety and celebrity as a yoga teacher and pioneer of yoga for children.

10.      Ms. Hamilton founded Chi Universe in 2007.  She is now its CEO and majority owner.   Chi Universe's purpose was to develop, protect, and market Ms. Hamilton's concept for the *Yoga Game*.  The name of the company played on Ms. Hamilton's concept of Flow and "Phreeze" a way to teach proper breathing to kids while engaged in yoga.

11.      Chi Universe owns a portfolio of intellectual property rights protecting its *Yoga Game*.  These include as follows:

| Trademarks | Mark, Design, Description | Reg./Issue Date |
|---|---|---|
| Reg. No. 4474450 |  Class 28: "Personal exercise mats; yoga mats" | Jan. 28, 2014 |
| Reg. No. 4709133 |  | Mar. 24, 2015 |

| | Class 9: "Video game software"; Class 28: "Card games" | |
|---|---|---|
| Reg. No. 5839033 | CHI UNIVERSE<br><br>Class 41: "Entertainment, namely, a continuing yoga and wellness show broadcast over cable, television, satellite, streaming, social media, apps, and internet" | Aug. 20, 2019 |
| Reg. No. 6210728 | CHI UNIVERSE<br><br>Class 9: "Downloadable computer application software for mobile phones, portable media players, and handheld computers, namely, software for health and fitness, namely, yoga tutorials; Downloadable video game software" | Dec. 1, 2020 |
| **Copyrights** | | |
| Reg. No. VAu001154472 | Flow & Phreeze Yoga<br><br>[contents: Flow & Phreeze Yoga Game Card Deck; Flow & Phreeze Yoga Poster 2 (includes 94 images of Bobbi Hamilton) – some of the specimens below]<br><br> | Nov. 11, 2013 |



| Reg. No.<br>VAu001154083 | Flow & Phreeze Yoga Game<br><br>[contents: Flow & Phreeze Yoga Poster] | Nov. 4,<br>2013 |
| --- | --- | --- |
| Reg. No.<br>VA0001727994 | Yoga and Physical Exercise Mat Design for<br>Body Placement and Alignment | Aug. 4,<br>2010 |

| | [contents: Tween/Teen/Adult Mat – Kids Mat – Mama/me mat – Lil' Chi/ Toddler Mat] | |
| --- | --- | --- |
| |  | |
| Reg. No. VA0001639354 | CHI<br><br>[Chi Logo and Character]<br><br> | Oct. 22, 2007 |

| Patents | | |
| --- | --- | --- |
| 8,025,606 B2 | METHOD AND APPARATUS FOR INTEGRATING PHYSICAL EXERCISE AND INTERACTIVE MULTIMEDIA | Issued 8/26/2011 |
| 8,235,870 B2 | METHOD AND APPARATUS FOR INTEGRATING PHYSICAL EXERCISE AND INTERACTIVE MULTIMEDIA | Issued 8/7/2012 |

The Chi Logo and Character (Copyright Reg. No. VA0001639354 and TM Reg. Nos. 4474450 and 4709133) was designed by James Lopez, a veteran Disney animator, who has worked on many popular films and television series such as Nickelodeon's *Shimmer and Shine* and Disney's *The Lion King*.  Chi Universe

used these marks and copyrights, and common law marks and trade dress, including the imagery and icons on each mat, to promote the *Yoga Game*. The common law marks, trade dress and registered marks are collectively referred to in this Complaint as "Chi Universe's Trademarks."

12. Chi Universe promoted its products and business, and the benefits of a healthful, playful family life on its website at www.chiuniverse.com. Ms. Hamilton put her celebrity behind the company and she is featured extensively in support of the *Yoga Game*. For example:









13.     Chi Universe and the *Yoga Game* has earned accolades from many high profile sources, displayed here with others listed below:

/ / /

/ / /



      a.     10 Best Valentine's Gifts – Today Show

      b.     10 Best New Toys of 2021 – Spy.com

      c.     Yoga For You and Your Little – Harper's Bazaar, Online Holiday Gift Guide

      d.     16 Products with a Cult Following That Are 100 Percent Worth It – Reader's Digest, Online Holiday Gift Guide

      e.     The Best Online Yoga Classes to Help You Find Your Center – Byrdie.com

      f.     This Ingenious Mat Makes Kid's Yoga Simple & Fun – Red Tricycle

      g.     12 Fun Backyard Toys for Kids – Newsday.com

      h.     Summer Activities For Kids: 15 Cool Toys To Keep Them Content – DailyMom.com

      i.     Turn Yoga into a fun game for kids with this interactive mat – Yahoo! In The Know

      j.     Best Gifts For Unplugged Fun To Combat Online School Fatigue – Tech Savvy Mama, Online Holiday Gift Guide

/ / /

k.     11 Classes to Add to Your Yoga Studio in 2022 – Schedulicity.com

14.     Chi Universe primarily distributed its Yoga Game through its website, ChiUniverse.com; Amazon.com; and Maisonette.com, which is a highly curated children's products website started by two former Vogue editors.  For Holiday 2018, Ms. Hamilton was contacted by a Nordstrom buyer to sell through the Top 20 Nordstrom stores in the Kids Wear Department.  Chi Universe also was invited to host a Chi Universe Yoga Class for kids and families to launch the holiday kick off and Ms. Hamilton led the Yoga class on Chi Mats in Nordstrom at the Fashion Valley mall.  Chi Universe built a strong brand through relationships with Instagram influencers and introductions through friends and celebrity clients to potential opportunities like Goop Holiday Gift Guide and American Airlines.  By the time the Covid-19 pandemic hit, Chi Universe had generated numerous online articles and press.

15.     Despite the obstacles posed by Defendants, Chi Universe has sold approximately half a million dollars in product, and through the publicity generated by the *Yoga Game*, Ms. Hamilton has earned hundreds of thousands of dollars through teaching on the Chi Mat at events, public and private schools, gyms, studios, hotels such as the Four Seasons, and private households.  Chi Universe has certified approximately 100 teachers worldwide through the online Chi Universe Teacher Training program.  Ms. Hamilton has often offered her services for free, teaching hundreds of free classes on the Chi Mat to help promote the Yoga Game and educate potential customers at trade shows and conferences, supporting free events for the public, and offering classes online to press.

16.     In 2021, Chi Universe invited Tom Dusenberry to join Chi Universe's Board.  He is a visionary toy marketer and former CEO for Hasbro Interactive and Atari, who now works as a licensing agent.  Mr. Dusenberry and Ms. Hamilton approached several toy and game companies in efforts to achieve a global

COMPLAINT
CASE NO. 22-cv-05578

1  distribution and marketing partner.  They received generally positive responses with

2  the caveat that additional sales would help and that they would monitor the success

3  that Chi Universe had started.

4  **Walmart and Olive Elect**

5      17.    Chi Universe and Ms. Hamilton first encountered Defendants'

6  counterfeiting on approximately September 13, 2021.  To be clear, Chi Universe had

7  not authorized the sale of the *Yoga Game* through Walmart.com.

8      18.    Like many selling platforms, Walmart promotes the reputation and

9  professionalism of third-party retailers that it permits to sell products – with

10  Walmart's support and authorization – on www.walmart.com.  Walmart specifically

11  represents to the public that it "curates" the "professional" sellers authorized to sell

12  on the platform, who provide the "best in class" level of customer service.  It also

13  claims to authorize and support only retailers who sell "authentic" products, stating

14  "*Walmart Marketplace is a curated community of respected, professional sellers*

15  *who offer only top-quality, authentic products and best-in-class customer service."*

16  Walmart makes these and other demonstrably false promises to the same effect to

17  promote its platform.

18      19.    In fact, Walmart does very little to ensure that only authentic

19  products are available on www.walmart.com.  Published reports show that

20  Walmart.com welcomed sellers whose authority to sell on other platforms had been

21  revoked.  https://www.bloomberg.com/news/articles/2022-01-26/amazon-s-banned-

22  china-retail-sellers-turn-to-walmart-s-online-marketplace.  Bloomberg reported that

23  the timing of Amazon's terminations was "serendipitous for Walmart, which in

24  early 2021 started an initiative to attract non-U.S. merchants to its e-commerce

25  site."

26      20.    Like other platforms, Walmart hides behind obsolete principles of

27  "notice and takedown" that developed during the nascent stages of e-commerce

28  when sales platforms convinced courts that they were unable to realistically monitor

the bona fides of intellectual property used and promoted on their sites.  These sales platforms argued successfully that direct liability concepts of "using," "reproducing," "advertising," "selling," and "offering to sell" products, brands and imagery protected by others' intellectual property did not apply to sales platforms.

21.     None of the precepts that may have supported protecting online retail platforms like Walmart from accountability remain true.  A many-billion-dollar cottage industry has developed to provide technology and services to brands so they can more efficiently play "whack-a-mole" with infringements that are prevalent on sales platforms like Walmart.  As a result, it is now technically possible for well-known and successful brands to engage services to monitor for infringements on selling sites and, for large fees, to navigate the notice and takedown process that all the selling platforms insist be used to demand removal, listing by listing, of infringements, counterfeits, copies or piracy from their sites.  Notwithstanding these technological advances and capabilities (all of which are available to or improved upon by the sales platforms themselves), the selling platforms refuse to take accountability for infringements on their sites, instead requiring intellectual property owners to follow arcane, tedious, and duplicative reporting requirements to put a stop, often after substantial delay, to each incidence of blatant infringement that persists on these globally accessible sites.  In short, the sales platforms could sanitize their product offerings of infringements if they chose – as all other retailers must do – but they, including Walmart, refuse.

22.     At the same time, the level of involvement, support, promotion and integration of sales platforms into the sales, advertising, warehousing, fulfillment, returns, and pricing by third-party sellers has accelerated to the point where – if it ever was the case that sales platforms like Walmart were "passive" bystanders in sales by third parties on their sites – it is now clear that the sales platforms are immersed in the sales effort regarding all products on their sites.  Walmart.com, for example, offers and provides to "3P" (third party) sellers an array of services that

make it indistinguishable – or far surpass – the support that the ordinary corner store, sponsor, or advertiser (all who are directly liable for any infringements) provide to sellers.

23.     Sales platforms like Walmart also engage in direct sales in a "1P" (first party) relationship with distributors of products, including Walmart's sales of the counterfeit *Yoga Game* products in this instance.  Under the 1P arrangement, third parties distribute products to the sales platform, and the sales platform then resells alongside any 3P sellers who also are offering the product.  Even in this circumstance, Walmart expects intellectual property owners to engage in its highly ineffective "notice and takedown" process to protect their rights.

24.     Infringers like Olive Elect step into the void created by sales platforms' lack of accountability.  It is impossible to understand how or why any "curation" by Walmart would have resulted in Olive Elect's authorization to sell on Walmart.com, or its ability to remain selling over time.  On independent websites, including the Better Business Bureau and WMTsellers.com, Olive Elect receives uniform one out of five star reviews from consumers, many of whom bemoan their inability to give zero stars.

25.     Despite this checkered history and Walmart's own experience with Olive Elect, Walmart to this day allows Olive Elect to sell on Walmart.com and advertises Olive Elect on its platform. Walmart and Olive Elect state on the site: "Olive Elect, LLC is a destination e-retailer on Walmart.com designed to satisfy the dedicated electronics user. We have listed thousands of unique SKUs on Walmart.com."

26.     Olive Elect likely has special ties to Walmart.  It was founded and is controlled and operated by Defendant Ahmed who listed on his LinkedIn profile that he is a former Walmart employee and a Google Infrastructure Developer.  Olive Elect opened its business down the street from Walmart's world headquarters.

27.     At some point, Olive Elect learned of Chi Universe's *Yoga Game*

and, perceiving its promise, decided to co-opt Chi Universe's identity and intellectual property to sell the counterfeit products on Walmart.com and run paid Google Ads with Chi Universe's copyrighted images.  Chi Universe believes that Walmart.com is also acting as a 1P global distributor on Walmart.com and co-opted Chi Universe's UPC codes to control the content that would be used to sell fake *Yoga Games* and to divert the search traffic associated with paid ads.  Walmart.com tech support admitted to Ms. Hamilton that the Head of Walmart.com marketplace was aware of Chi Universe's claim that its UPC codes had been usurped by the counterfeiting on Walmart.com, but stated that Chi Universe would never gain control of the UPC codes because the Chi Universe content was marked as owned by the "1P" seller (i.e. Walmart) in the backend.

28.     When Plaintiffs discovered the counterfeiting, Ms. Hamilton realized that Chi Universe's Chinese manufacturer had breached its supply agreements by shorting Chi Universe on its orders.  Chi Universe believes that the manufacturer and Defendants did business directly and that the manufacturer supplied Defendants with unauthorized, counterfeit products, including products that were diverted from Chi Universe's orders.

29.     Over the course of months while Chi Universe attempted to put an end to the conduct (and potentially for years before that given the outdated product Olive Elect was offering), Olive Elect sold the *Yoga Game* on Walmart.com pretending to be Chi Universe or Phresh, using the full range of Walmart's services, including fulfillment, advertising and the credibility created by Walmart's reputation and promise only to promote professional sellers on its platform.  Plaintiffs believe that Walmart also directly advertised and sold counterfeit Yoga Games on Walmart.com.  Walmart and other sellers on the platform, both before and after Chi Universe's complaints, knew or were willfully blind to the fact that they were offering counterfeit products. Plaintiffs believe that sales have been substantial and occurred in many countries.

30.     Defendants' sales efforts were not confined to Walmart.com. Defendants – without authorization – used copyrighted images from the game, images of Ms. Hamilton herself, and Chi Universe's Trademarks to promote the *Yoga Game* in paid Google Ads.

**Plaintiffs' Efforts To Stop The Counterfeiting**

31.     Once Ms. Hamilton became aware that counterfeits of the *Yoga Game* were for sale on Walmart.com, she immediately took steps to put a stop to it. She was, as is customary, shuffled off to the "notice and takedown" program operated by Walmart.com.  For Chi Universe, unlike large companies who, at great expense, can engage monitoring services to constantly watch and implement these takedown processes, it became a full-time undertaking which diverted efforts and resources that should have been available to capitalize on the opportunities that Chi Universe and Ms. Hamilton had developed for the *Yoga Game* and Ms. Hamilton. Even then, Plaintiffs were unable to stop the counterfeiting on Walmart.com for several critical months during the crucial holiday sales season.

32.     Plaintiffs made every effort to persuade Walmart to stop the counterfeiting on its site.  They engaged in the "takedown" process, tried to set up an account on Walmart.com, joined the "brand registry" to permit claims to be more easily made, and sent cease-and-desist letters and finally letters threatening litigation.  They received no effective relief.

33.     Starting in September 2021 and for months thereafter, Plaintiffs submitted multiple takedown notices through Walmart's "brand portal," which is Walmart's takedown portal for IP infringements.  Despite receiving these takedown notices, Walmart allowed Olive Elect and other sellers to continue selling counterfeits of Plaintiffs' products on Walmart.  Sample unauthorized listings from various time periods for such knockoff products are shown below:

/ / /

/ / /

COMPLAINT
CASE NO. 22-cv-05578

- 23 -

1
2
3
4
5
6
7
8
9
10



11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



34.     After starting the "takedown" process against Olive Elect's counterfeits in September 2021, Plaintiffs sent cease-and-desist correspondence to Olive Elect, detailing the company's illegal sales of Chi Universe products. Plaintiffs then filed more corresponding takedown notices with Walmart.  In October 2021, Walmart responded that Plaintiffs had proven their counterfeit claim, and took down two of the counterfeit products sold by Olive Elect.  Walmart, however, took no further action against Olive Elect and allowed the company to continue its rampant pattern of selling counterfeits of Plaintiff's products on Walmart.com.

35.     In November 2021, Plaintiffs submitted multiple additional takedown notices through Walmart's brand portal.  Initially, Walmart did not allow Plaintiffs to submit the notices, claiming that Ms. Hamilton was not the brand owner, despite Ms. Hamilton already having filed for and receiving brand registry from Walmart for Chi and Chi Universe in October 2021.  Ms. Hamilton then wrote to Walmart, providing a screenshot of the claims Chi Universe was submitting along with a detailed description of the overall infringement issue.  Walmart's IP manager provided a cursory response to Ms. Hamilton's email and did not assist her in eliminating the counterfeiting.  Subsequently, Chi Universe successfully submitted takedown notices and received written confirmation of them.  But within 48 hours, Walmart closed Chi Universe's claims without any substantive explanation for their denial and without any attempt at investigation or follow-up.  Walmart continued to sell counterfeit products and advertised them with Google Ads.

36.     Plaintiffs also submitted claims through Walmart's brand portal, demanding Walmart take down its Google Ads promoting counterfeit Chi Universe products.  Walmart took no action to address Plaintiffs' concerns, but instead changed its ads to different color counterfeit mats.  In January 2022, Walmart ran more Google Ads featuring counterfeits of Plaintiffs' products.  Examples of these unauthorized Google Ads for counterfeit products are below:

1
2
3
4
5
6
7
8
9
10
11



12
13
14
15
16
17
18
19
20
21
22
23
24   / / /
25   / / /
26   / / /
27
28



37.     Once Chi Universe became authorized to sell on Walmart.com, Ms. Hamilton gained access to a dropdown menu showing multiple sellers under "Seller Name" that were offering counterfeit products – none of whom had been authorized by Chi Universe to sell Ms. Hamilton's products.  Most notably, Walmart itself appeared as a seller.  An example of a claim form displaying Defendants as sellers of counterfeit products is below.

/ / /

/ / /

/ / /



38.     At the end of November 2021, Plaintiffs sent a cease-and-desist letter to Walmart, detailing the full scope of the infringements and counterfeit sales and ads that Walmart was facilitating and participating in.  A few days later, Plaintiffs received a cursory response from Walmart, inviting Plaintiffs to submit their claims through the brand portal system, completely disregarding Plaintiffs extensive efforts over the past few months to utilize this system and Walmart's failure to act to stop the illegal sales and ads.

39.     Plaintiffs are informed and believe that Walmart did not put a stop to the illegal sales and ads until approximately January 2022 when Plaintiffs persuaded Walmart that they were serious about the likelihood of litigation.

40.     Despite this tortured history, admissions of counterfeit sales, and Walmart's promises to the public about the purity of its platform, Walmart took no steps to suspend or ban Olive Elect from Walmart.com.  Olive Elect is still selling despite Walmart's assurances that it implements a "Repeat Infringer Policy": "Walmart takes appropriate action against parties it categorizes as repeat infringers. A repeat infringer includes anyone who qualifies as such under the DMCA or who receives multiple claims of IP infringement and such claims are determined by

Walmart to be valid.  Action may include, but is not limited to, removal of listings and suspension or termination of any relationship with Walmart."  If counterfeits are involved, Walmart "reserves the right" to take any "appropriate" actions against counterfeit sellers on its platform, at least implying it will not require "repeat" sales of counterfeits to consider banning a seller.  Yet, no action appears to have been taken against Olive Elect.

### <u>Harm to Plaintiffs</u>

41.     Defendants' actions have caused and will cause Plaintiffs significant damages.  These actions also have caused and will cause Plaintiffs and the public irreparable harm for which money damages and other remedies are inadequate.  Unless Defendants are restrained by this Court, they will continue to cause such irreparable damage and injury by, among other things:

a.     Depriving Chi Universe of its statutory rights to use and control use of its trademarks and copyrights;

b.     Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing and counterfeit products and services;

c.     Creating a likelihood of confusion, mistake, and deception among consumers and the trade by providing materially different products and services to the genuine products and services available from Chi Universe;

d.     Causing the public falsely to associate Chi Universe with Defendants;

e.     Causing Chi Universe to lose sales of the *Yoga Game*;

f.     Associating Ms. Hamilton and Chi Universe with the shoddy and misleading sales practices engaged in by Defendants;

g.     Causing interference, disruption to and uncertainty in Chi Universe's relationships with its authorized retailers;

h.     Causing interference, disruption to and uncertainty in Chi

1    Universe's relationships with its suppliers;

2              i.      Causing interference, disruption to and uncertainty in Chi

3    Universe's relationships with its consumers;

4              j.      Causing Ms. Hamilton to suffer a loss of reputation and

5    diminishing her capacity to market and publicize her name, image and likeness;

6              k.      Causing the public to rely to their harm on Walmart's

7    reputation and belief in its promises that sellers have been screened by

8    Walmart and are reliable, dependable, and selling genuine, non-infringing

9    products; and

10             l.      Causing Walmart to capture profits, premiums and goodwill

11   that accrue due to the unmanageable process created by its notice and

12   takedown program and the delays that precede any action on reports that

13   listings contain intellectual property infringements or counterfeit products.

14        42.      Accordingly, in addition to damages and recovery of Defendants'

15   profits, Plaintiffs are entitled to injunctive relief against Defendants and all persons

16   acting in concert with them.

17                          **FIRST CLAIM**

18              **FEDERAL TRADEMARK INFRINGEMENT**

19                     **(15 U.S.C. §§ 1114-1117)**

20        43.      Plaintiffs reallege and incorporate by reference each of the allegations

21   contained in paragraphs 1 through 42 of this Complaint.

22        44.      Defendants' acts of trademark infringement have been committed

23   deliberately and with the intent to cause confusion, mistake, or deception, and are in

24   violation of 15 U.S.C. § 1114.

25        45.      Defendants have counterfeited Chi Universe's Trademarks in at least

26   advertisements, sales listings, offers to list, packaging, poster inserts, and products.

27        46.      As a direct and proximate result of Defendants' conduct, Chi Universe

28   is entitled to recover up to treble Defendants' unlawful profits and Chi Universe's

COMPLAINT                                                                    - 30 -
CASE NO. 22-cv-05578

1   damages and an award of attorneys' fees and costs under 15 U.S.C. §§ 1117.

2   Alternatively, Chi Universe is entitled to elect statutory damages in the amount of up

3   to $2,000,000 for each trademark that was counterfeited plus an award of attorneys'

4   fees and costs.

5       47.     Chi Universe and the public will suffer irreparable harm if

6   Defendants' infringements continue and Chi Universe is entitled to injunctive relief

7   pursuant to 15 U.S.C. § 1116(a) that requires Defendants to stop using Chi

8   Universe's Trademarks and from contributing to or facilitating infringement of these

9   marks.

10                              **SECOND CLAIM**

11                     **FEDERAL UNFAIR COMPETITION**

12           **(False Designation of Origin and False Description)**

13                         **(15 U.S.C. § 1125(a))**

14      48.     Plaintiffs reallege and incorporate by reference each of the allegations

15   contained in paragraphs 1 through 47 of this Complaint.

16      49.     Defendants' conduct as alleged in this Complaint constitutes the use

17   of symbols or devices tending falsely to describe the infringing products and

18   services, within the meaning of 15 U.S.C. § 1125(a).  Defendants' conduct is likely

19   to cause confusion, mistake, or deception by or in the public as to the affiliation,

20   connection, association, origin, sponsorship, or approval of the infringing products

21   and services to the detriment of Chi Universe and in violation of 15 U.S.C. §

22   1125(a).

23      50.     Defendants have used Chi Universe's Trademarks and Chi

24   Universe's copyrighted photographs to advertise and sell counterfeit products, and

25   to devise misleading listings on Walmart.com and related advertisements for these

26   counterfeits, that create a likelihood of consumer confusion that Defendants are

27   selling genuine versions of the *Yoga Game* when, in fact, they are not.

28   / / /

51.     As a direct and proximate result of Defendants' conduct, Chi Universe is entitled to recover up to treble Defendants' unlawful profits and Chi Universe's damages, and an award of attorneys' fees under 15 U.S.C. § 1117.

52.     Chi Universe and the public will suffer irreparable harm if Defendants' infringements continue, and Chi Universe is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendants to stop using Chi Universe's Trademarks and from contributing to or facilitating infringement of these marks.

## THIRD CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## UNDER CALIFORNIA STATUTORY LAW
**(Cal. Bus. & Prof. Code §§ 14200 and 17200 et seq.)**

53.     Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1 through 52 of this Complaint.

54.     Chi Universe is the owner of numerous registrations for Chi Universe's Trademarks, as well as common law rights in those marks.

55.     Defendants' acts of counterfeiting violate Chi Universe's trademark rights under California Business & Professions Code §§14200 *et seq*.

56.     Defendants' conduct as alleged in this Complaint, including their misappropriation of Ms. Hamilton's name, image, and likeness, and right of publicity, also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code §§ 17200 *et seq*.

57.     Chi Universe is entitled to monetary and injunctive relief.  The public and Chi Universe will suffer irreparable harm if Defendants' infringements and misappropriations continue, and Chi Universe is entitled to an injunction that requires (a) Defendants to stop use of any Chi Universe's Trademarks or any other mark or design that is likely to be confused with Chi Universe's Trademarks; (b)

Defendants to stop any use of Ms. Hamilton's name, image, and likeness (c) Walmart to (i) stop representing to consumers that its sellers are professional, offer high levels of service, or sell only genuine products and, (ii) instead provide conspicuous warnings that consumers should beware of potential counterfeit products or infringing products that may be for sale; (d) Walmart to screen Walmart.com (i) to affirmatively remove or prevent listings by others for the *Yoga Game* or Ms. Hamilton's name, image, and likeness, and (ii) affirmatively remove or prevent listings on Walmart.com for infringements and counterfeits once Walmart has received an IP owner's report – in connection with any individual listing on its platform – of infringing or counterfeit products, or infringing or counterfeit images, or misleading statements if the report reasonably describes the listings, seller or author of such products, images, or statements that have appeared on Walmart.com.

58.     Because Defendants' actions have been committed willfully, maliciously, and intentionally, Chi Universe is entitled to reasonable attorneys' fees and compensatory and punitive damages pursuant to California Business & Professions Code § 14250.

## **FOURTH CLAIM**

## **DIRECT COPYRIGHT INFRINGEMENT – AGAINST ALL DEFENDANTS**

### **(17 U.S.C. § 101 et seq.)**

59.     Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1 through 58 of this Complaint.

60.     Chi Universe owns registrations for the asserted copyrights.

61.     Without authorization, Defendants have reproduced, distributed, and/or used copies of Chi Universe's copyrights in products, advertisements, listings, offers to sell, check out pages, confirmations, and invoices in violation of Chi Universe's exclusive rights, damaging Chi Universe.

/ / /

62.      Defendants' unlawful reproduction, distribution, and/or use of Chi Universe's proprietary images constitutes copyright infringement.

63.      Chi Universe is informed and believes that Defendants acted intentionally, willfully and in bad faith when they reproduced, distributed, and/or used the infringing copies and continued to do so after having been put on notice by Chi Universe.

64.      As a direct and proximate result of Defendants' conduct, Chi Universe is entitled pursuant to 17 U.S. Code § 502 to injunctive relief.  The public and Chi Universe will suffer irreparable harm if Defendants' infringements continue; therefore, Chi Universe is entitled to injunctive relief that requires Defendants to stop all use of Chi Universe's copyrighted works.

65.      As a result of Defendants' conduct, Chi Universe is entitled pursuant to 17 U.S. Code § 504, at its discretion and election, to recover statutory damages based on Defendants' willful infringement of the copyrighted works.  In the alternative, Chi Universe is entitled to its actual damages, as well as any profits of Defendants attributable to its acts of infringement.

## FIFTH CLAIM
## VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT – AGAINST WALMART

66.      Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1 through 65 of this Complaint.

67.      Walmart has the right, ability, and duty to supervise its online marketplace and the content posted thereon, including removing copyright-infringing content once it has reasonable notice that it is being used on the platform.

68.      Walmart also has a direct financial interest in its sellers' conduct, including with respect to the infringing copies of Chi Universe's copyrights, because Walmart realizes profits through the advertisement and sale of the infringing and

counterfeit copies on its platform, and through its sellers' use of this content to create listings on Walmart.com.

69. Since September 2021, Walmart has had actual knowledge, and/or was aware of the facts and circumstances, of the infringing uses of Chi Universe's copyrights and the parties that were using them in making sales on the platform. The information provided in the takedown notices and cease-and-desist letters that Walmart received from Plaintiffs contained more than sufficient information to take down and prevent further use of Chi Universe's copyrighted material. Plaintiffs' takedown notices presented and formatted information showing the relationship between the means for finding the infringing uses (i.e., screenshots and URLs of the infringing listings) and the infringing uses themselves.

70. Walmart claims to have and has the tools, resources, staff, technological capabilities, and knowledge of/about listings on its platform (including the infringing uses) such that, at least once it has been put on notice that certain uses are infringing or that certain sellers are using infringing images on Walmart's site, it can locate, remove, prevent future infringing uses. Yet, despite its actual knowledge and awareness that Chi Universe's copyrights were used on the platform, Walmart continued to support advertising by the counterfeit sellers on its site, in Google ads, in setting up counterfeit listings using the copyrighted images, in fulfilling product orders which contained infringing images, in processing returns, and through many other levels of support. All of these actions, rather than removing and preventing further use on Walmart.com of Chi Universe's copyrights, materially contributed to and/or induced further infringement by Walmart's (a) failing to act, and (b) providing continuous access to and facilitating the unauthorized use of Chi Universe's copyrights on Walmart.com.

71. Moreover, Walmart's response to Chi Universe's takedown notices and cease-and-desist letters – cursory and/or automatic responses asking for additional information already provided multiple times and in multiple convenient

1    formats for ease of reference – show that Walmart did not even attempt to comply

2    with the DMCA notice-and-takedown process in good faith.

3           72.     Walmart has failed to adopt a repeat infringer policy sufficient to

4    deter copyright-infringing content on its platform and failed to enforce such a policy

5    with respect to the infringing uses of Chi Universe's copyrights and the sellers who

6    repeatedly reproduced, distributed, and/or used the infringing copies.

7           73.     The combination of Walmart's knowledge and awareness of the

8    infringing uses of Chi Universe's copyrights, its failure to remove the infringing

9    listings (or take any meaningful measure(s) to stem the spread of copyright-

10   infringing content) after obtaining sufficient knowledge and awareness of their use,

11   and its failure to adopt an adequate repeat infringer policy that would deter such use

12   removes any potential safe harbor protection afforded to Walmart under the DMCA,

13   17 U.S.C. § 512.

14          74.     Plaintiffs believe that Walmart has committed acts of contributory

15   and/or vicarious copyright infringement with actual or constructive knowledge of, or

16   in reckless disregard for, Plaintiffs' copyrights, which renders those acts willful,

17   intentional, and malicious.

18          75.     Due to Walmart's acts of contributory and/or vicarious copyright

19   infringement, Plaintiffs have suffered damages in an amount to be established at

20   trial.

21          76.     Due to Walmart's acts of contributory and/or vicarious copyright

22   infringement, Walmart and other sellers on its site have obtained profits they would

23   not have realized but for Walmart's contributory and/or vicarious infringement of

24   Chi Universe's copyrights.  As such, Plaintiffs are entitled to disgorgement of

25   Walmart's profits attributable to its contributory and/or vicarious infringement of

26   Chi Universe's copyrights, in an amount to be established at trial.  Alternatively,

27   Plaintiffs are entitled to statutory damages up to $150,000 for each infringer's use of

28   each copyrighted image infringed on Walmart.com.

1

**SIXTH CLAIM**

2

**VICARIOUS AND/OR CONTRIBUTORY TRADEMARK INFRINGEMENT**

3

**AND COUNTERFEITING – AGAINST WALMART**

4

77.     Plaintiffs reallege and incorporate by reference each of the allegations

5

contained in paragraphs 1 through 76 of this Complaint.

6

78.     Faced with knowledge that trademarks, Chi Universe's name, Phresh

7

LLC's name, images and trade dress associated with the products, were being stolen

8

and misappropriated by sellers on Walmart.com and armed with notice and the

9

ability to stop sales and prevent further sales, Walmart took no adequate action to

10

stop further counterfeit sales on its platform.

11

79.     Walmart claims to have and has the tools, resources, staff,

12

technological capabilities, and knowledge of/about listings on its platform

13

(including the listings promoting infringing and counterfeit products) such that, at

14

least once it has been put on notice that certain listings and sellers are infringing and

15

counterfeiting another's trademarks, it can locate, remove, and prevent future

16

infringing uses.  Yet, despite its actual admitted knowledge and awareness that Chi

17

Universe's trademarks and products were counterfeited on the platform, Walmart

18

continued to support advertising by the counterfeit sellers on its site, in Google ads,

19

in setting up counterfeit listings using the trademarks, in fulfilling counterfeit

20

product orders, processing returns, and myriad other levels of support.  All of these

21

actions, rather than removing and preventing further use on Walmart.com of Chi

22

Universe's identity and trademarks, materially contributed to and/or induced further

23

infringement and counterfeiting by Walmart's (a) failing to act, and (b) continuing

24

to provide access to all of the services of Walmart.com and facilitation of counterfeit

25

sales.

26

80.     Chi Universe believes that Walmart has committed its acts of

27

contributory and/or vicarious trademark infringement and counterfeiting with actual

28

1   or constructive knowledge of, or in reckless disregard for, Plaintiffs' copyrights,

2   which renders those acts willful, intentional, and malicious.

3       81.    Due to Walmart's acts of contributory and/or vicarious trademark

4   infringement and counterfeiting, Plaintiffs have suffered damages in an amount to

5   be established at trial.

6       82.    Due to Walmart's acts of contributory and/or vicarious trademark

7   infringement and counterfeiting, Walmart and other sellers have obtained profits

8   they would not have realized but for Walmart's contributory and/or vicarious

9   infringement.  Chi Universe, accordingly, is entitled to disgorgement of Walmart's

10  profits attributable to its contributory and/or vicarious infringement of Chi

11  Universe's trademarks, in an amount to be established at trial.  Chi Universe

12  alternatively is entitled up to $2,000,000 in statutory damages per counterfeited

13  trademark.

14  **SEVENTH CLAIM**

15  **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC**

16  **ADVANTAGE**

17      83.    Plaintiffs reallege and incorporate by reference each of the

18  allegations contained in paragraphs 1 through 82 of this Complaint.

19      84.    Chi Universe had a high probability of future business opportunities

20  and economic benefit in connection with both (a) its relationship with its customers;

21  and (b) its relationship with other sellers, retailers, and online platforms.

22      85.    Defendants had knowledge of such opportunities and intentionally

23  interfered with such opportunities in violation of federal and state laws protecting

24  intellectual property and fair competition.

25      86.    Defendants committed these tortious acts with deliberate and actual

26  malice, ill-will, and oppression in conscious disregard of Plaintiffs' rights.

27      87.    Defendants' actions have disrupted Plaintiffs' relationships with its

28  customers and other sellers, retailers, and online platforms.

88.     As a direct and proximate result of Defendants' conduct, Plaintiffs have been injured by Defendants in an amount to be proven at trial, including punitive damages.

## EIGHTH CLAIM
## FEDERAL FALSE ADVERTISING
### (False and Misleading Advertising)
### (15 U.S.C. § 1125(a))

89.     Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1 through 88 of this Complaint.

90.     Defendants ran literally false advertisements through Google and listings on Walmart.com among other sites that represented they were offering genuine Chi Universe products on Walmart.com, when that was not the case. Defendants also misrepresented that they were "Chi Universe" or "Phresh" when they were not and that they were sponsored by Plaintiffs in the use of these designations.

91.     Defendants' false advertising had a material effect on consumers' purchasing decisions, as consumers purchased the counterfeit products thinking that they were genuine Chi Universe products coming directly from and sponsored by Plaintiffs.

92.     The advertising occurred in and/or affected interstate commerce.

93.     Plaintiffs were injured because of the deceptive advertising, in an amount to be proven at trial.

## NINTH CLAIM
## CALIFORNIA FALSE ADVERTISING
### (Cal. Bus. & Prof. Code § 17500 et seq.)

94.     Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1 through 93 of this Complaint.

95.     In their Google advertisements, Defendants knowingly or recklessly

1    misrepresented that genuine Chi Universe products were sold through Walmart, when

2    that was not the case.  Defendants also knowingly and maliciously misrepresented

3    that they were "Chi Universe" or "Phresh" when they were not and that they were

4    sponsored by Plaintiffs in the use of these designations.

5          96.      Consumers purchased counterfeits of Plaintiffs' products in reliance

6    on Defendants' misrepresentations.

7          97.      Plaintiffs suffered actual financial harm as a result of the false

8    advertising and are entitled to damages and punitive damages, in an amount to be

9    proven at trial.

## TENTH CLAIM

## MISAPPROPRIATION OF RIGHT OF PUBLICITY UNDER CALIFORNIA

## STATUTORY LAW

### (Cal. Civ. Code § 3344)

14          98.      Plaintiffs reallege and incorporate by reference each of the

15    allegations contained in paragraphs 1 through 97 of this Complaint.

16          99.      Defendants knowingly used Ms. Hamilton's name, image, and

17    likeness on the counterfeit products, and for purposes of advertising, selling, and

18    soliciting purchases of such products, without Ms. Hamilton's prior consent.

19          100.     Defendants' use of Ms. Hamilton's name, image, and likeness was

20    directly connected to their commercial purpose.

21          101.     As a direct and proximate result of Defendants' conduct, Ms.

22    Hamilton is entitled to recover an amount equal to the actual damages suffered by

23    her because of Defendants' unauthorized use, and any of Defendants' unlawful

24    profits that are attributable to the use.  Ms. Hamilton also is entitled to an award of

25    attorneys' fees and costs.

26          102.     Because Defendants' conduct was deliberate, malicious and wanton,

27    Ms. Hamilton is entitled to an award of punitive damages.

28    / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ELEVENTH CLAIM

## MISAPPROPRIATION OF RIGHT OF PUBLICITY UNDER CALIFORNIA COMMON LAW

103.     Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1 through 102 of this Complaint.

104.      Defendants used Ms. Hamilton's name, image, and likeness for purposes of Defendants' commercial advantage in selling and advertising the counterfeit products, without Ms. Hamilton's consent.

105.     Ms. Hamilton suffered actual financial harm because of Defendants' conduct, in an amount to be proven at trial.

## TWELFTH CLAIM

## CIVIL CONSPIRACY UNDER CALIFORNIA LAW

106.     Plaintiffs reallege and incorporate by reference each of the allegations contained in paragraphs 1 through 105 of this Complaint.

107.     Defendants formed and operated a conspiracy and committed wrongful acts in furtherance of the conspiracy all to their collective profit.  Defendants acted in concert to repeatedly infringe, and fail to stop the infringements of, Chi Universe's copyrights, trademarks and their misappropriations of Ms. Hamilton's name, image, and likeness.

108.     As a result of Defendants' conspiracy, Plaintiffs suffered harm in an amount to be proved at trial, including punitive damages, and Defendants are jointly and severally liable for all of the damages owed to Plaintiffs.

## PRAYER FOR JUDGMENT

WHEREFORE, Plaintiffs pray that this Court grant them the following relief:

1.     Adjudge that Chi Universe's Trademarks have been infringed by Defendants in violation of Chi Universe's rights under 15 U.S.C. § 1114;

2.     Adjudge that Chi Universe's Trademarks have been infringed by Defendants in violation of California statutory law;

3.     Adjudge that Chi Universe's common law rights in Chi Universe's Trademarks have been infringed;

4.     Adjudge that Defendants have competed unfairly with Chi Universe and have falsely described the source of their products and services in violation of Chi Universe's rights under 15 U.S.C. § 1125(a);

5.     Adjudge that Defendants have competed unfairly with Plaintiffs or are involved in incipient breaches of California public policy in violation of California statutory law;

6.     Adjudge that Defendants and their agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with them, and/or any person(s) acting for, with, by, through or under them, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.     Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that copy or display any words or symbols that so resemble Chi Universe's Trademarks, or the names CHI UNIVERSE, CHI MAT, CHI GAME, PHRESH, BOBBI, BOBBI HAMILTON, as to be likely to cause confusion, mistake, or deception, on or in connection with any product or service that is not authorized by or for Chi Universe or Ms. Hamilton, including, without limitation, any product or service that (i) bears Chi Universe's Trademarks, (ii) bears Chi Universe's copyrighted images, (iii) bears Ms. Hamilton's name, image, or likeness, or (iv) otherwise approximates or evokes Chi Universe's Trademarks or copyrights or Ms. Hamilton's name, image or likeness;

b.     Using any word, term, name, symbol, device, or combination that (i) causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendants or their products or services with Chi Universe, or as to the origin of Defendants' products or services, (ii) contains any

false designation of origin, false or misleading description or representation of fact,

(iii) contains any false or misleading advertising, or (iv) causes likely dilution of Chi

Universe's Trademarks;

      c.    Further infringing or counterfeiting Chi Universe's Trademarks,

or otherwise damaging Chi Universe's goodwill or business reputation;

      d.    Otherwise competing unfairly with Chi Universe in any manner;

      e.    Reproducing or using the copyrighted works in any manner;

      f.    Using Bobbi Hamilton's name, image, and likeness;

      g.    Selling CHI UNIVERSE-branded products on Walmart.com or

like sites;

      h.    Representing to consumers that Walmart sellers are professional,

offer high levels of service, or sell only genuine products;

      i.    Continuing to perform in any manner whatsoever any of the

other acts complained of in this Complaint;

    7.    Adjudge that Walmart must (i) stop representing to consumers that its

sellers are professional, offer high levels of service, or sell only genuine products,

(ii) provide conspicuous warnings that consumers should beware of potential

counterfeit products or infringing products that may be for sale; (iii) screen

Walmart.com (a) to affirmatively remove or prevent listings by others for the *Yoga

Game* or Ms. Hamilton's name, image, or likeness, and (b) affirmatively remove or

prevent listings on Walmart.com for infringements and counterfeits once Walmart

has received an IP owner's report – in connection with any individual listing on its

platform – of infringing or counterfeit products, or infringing or counterfeit images,

or misleading statements if the report reasonably describes the listings, seller or

author of such products, images, or statements that have appeared on Walmart.com;

    8.    Defendants, within thirty (30) days after service of the Court's

judgment, be required to deliver any existing products, electronic files, images, or

advertisements containing or displaying Chi Universe's Trademarks or copyrights,

or refer, show or imply a relationship with Ms. Hamilton or Chi Universe, and be required to file with this Court and serve upon Plaintiff's counsel a written report under oath setting forth in detail the manner in which they have complied with the judgment;

9.    Adjudge that Chi Universe shall recover from Defendants its damages and lost profits, and statutory damages, and Defendants' profits, in an amount to be proven at trial;

10.    Adjudge that Bobbi Hamilton shall recover from Defendants her damages, lost profits, and statutory damages, and Defendants' profits, in an amount to be proven at trial;

11.    Adjudge that Defendants be required to account for any profits that are attributable to its illegal acts, and that Chi Universe be awarded (1) Defendants' profits; (2) all damages sustained by Chi Universe, under 15 U.S.C. § 1117, plus prejudgment interest; and/or (3) all statutory damages available for Defendants' counterfeiting;

12.    Adjudge that the amounts awarded to Chi Universe pursuant to 15 U.S.C. § 1117 shall be trebled;

13.    Adjudge, pursuant to 17 U.S. Code § 504, that Defendants be required to pay statutory damages to Chi Universe, or to account for any profits earned from their copyright infringements and to pay Chi Universe such profits and all damages sustained by Chi Universe;

14.    Adjudge, pursuant to Cal. Civ. Code § 3344, that Defendants be required to pay statutory damages to Ms. Hamilton, or to account for any profits attributable to their misappropriation of Ms. Hamilton's right of publicity and to pay Ms. Hamilton such profits and all damages sustained by Ms. Hamilton;

15.    Adjudge that Defendants be obligated to pay punitive damages to Chi Universe and Ms. Hamilton;

16.    Adjudge that Chi Universe be awarded its costs and disbursements

1    incurred in connection with this action, including Chi Universe's reasonable

2    attorneys' fees and investigative expenses; and

3         17.    Adjudge that all such other relief be awarded to Chi Universe as this

4    Court deems just and proper.

5    DATED:  August 8, 2022          Respectfully submitted,

6                                    VERSO LAW GROUP LLP

7

8                                    By:   */s/ Gregory S. Gilchrist*

9                                          GREGORY S. GILCHRIST
                                           RYAN BRICKER

10                                         PAYMANEH PARHAMI

11                                   Attorneys for Plaintiffs
                                     PHRESH LLC DBA CHI UNVERSE
12                                   and BOBBI HAMILTON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2     PHRESH LLC DBA CHI UNIVERSE and BOBBI HAMILTON demand that

3  this action be tried to a jury.

4

5  DATED:  August 8, 2022          Respectfully submitted,

6                                                      VERSO LAW GROUP LLP

7

8                                          By:   */s/ Gregory S. Gilchrist*
                                                          _____
9                                                    GREGORY S. GILCHRIST
                                                     RYAN BRICKER
10                                                   PAYMANEH PARHAMI

11                                                 Attorneys for Plaintiffs
                                                   PHRESH LLC DBA CHI UNIVERSE
12                                                  and BOBBI HAMILTON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28